## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JHON MARTINEZ, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JUST SALAD LLC,**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

1. Plaintiff Jhon Martinez ("Plaintiff") brings this suit against Defendant Just Salad LLC ("Defendant" or "JS"), to recover regular and overtime wages under the Fair Labor Standards Act (29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262, collectively, the "FLSA") and the Massachusetts Wage Act (M.G.L. ch. 151, §§ 1-22, the "MWA").

2. Plaintiff brings this action individually and on behalf of Defendant's current and former employees similarly situated to him as a § 216(b) putative collective action under the FLSA and as a Rule 23 class action under the MWA.

## THE PARTIES

**A.** **Plaintiff Jhon Martinez**

3. Plaintiff is an individual residing in Suffolk County, Massachusetts. He has standing to file this lawsuit.

4. Plaintiff began working for Defendant on or about March 18, 2024. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about May 16, 2025.

5. At all times, Defendant paid Plaintiff on a salary basis of approximately $60,000 per year.

6. Plaintiff's written consent to participate in this lawsuit is filed along with his Original Complaint as Exhibit 1.

**B.     Collective Action Members**

7. The collective action members are all current or former employees of Defendant who worked as assistant managers who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendant did not pay all overtime premium compensation due to its employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

**C.     Defendant Just Salad LLC**

8. Defendant is a limited liability company organized under the laws of the state of New York.

9. At all times relevant to this lawsuit, Defendant has done business in the State of Massachusetts.

10. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

11. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

12. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

13. Defendant employed two or more employees who regularly engaged in commerce in their daily work.

14. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

15. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

16. Defendant has not designated a registered agent in Massachusetts or in New York. According to the New York Secretary of State, the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery to 99 Washington Avenue, Suite 805A, Albany, NY 12210.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

18. The United States District Court for the District of Massachusetts has personal jurisdiction over Defendant because Defendant does business in Massachusetts and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Massachusetts and in this District.

19. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

20. The Court properly exercises supplemental jurisdiction over the Massachusetts Wage Act claims. *See* 28 U.S.C. § 1367.

**FACTUAL BACKGROUND**

21.    Plaintiff worked for Defendant as an assistant manager beginning on or about March 18, 2024, through on or about May 16, 2025, at the Just Salad location in Burlington, Massachusetts at 82 Burlington Mall Road, Burlington, MA 01803.

22.    In all of Defendant's fast casual restaurant locations, Defendant employs more than one assistant manager employee. However, those assistant managers, like Plaintiff, have almost no managerial/supervisory duties and spend more than 90% of their time performing the same tasks as hourly paid employees, such as serving and preparing food, cleaning, and customer service. As with Plaintiff, those assistant managers had no authority to hire or fire, could not approve timesheets, and could not schedule staff.

23.    Plaintiff and other assistant managers typically worked over forty hours per workweek. For instance, Plaintiff's typical schedule required at least forty-eight hours of work per workweek. However, the eight or more hours worked in excess of forty in each workweek was not compensated at the rate of one and one-half times his regular rate of pay.

24.    Rather, pursuant to Defendant's unified policy and/or practice of classifying/designating its assistant managers as exempt from the FLSA's requirement to pay overtime premium wages for hours worked over forty in a workweek, Plaintiff was paid on a salary basis for all hours worked. Plaintiff's salary was approximately $60,000 per year. Plaintiff alleges that Defendant misclassified the assistant manager role as exempt, and, in fact, their real and primary function is/was to perform non-exempt duties and tasks, such as serving and preparing food, cleaning, and customer service in largely the same manner as Defendant's hourly paid employees.

25. Plaintiff raised his concerns with the way he was being paid with Area Team Leader Ramon Chavez and District Manager Carolyn Acosta, but neither corrected his pay to ensure that he earned the overtime premium pay he was due as a non-exempt worker under state and federal law.

26. Defendant maintains unified control over the policies and practices of each of its restaurants. Defendant has operating and management policies and procedures that apply uniformly to all of the restaurants it operates regardless of the state in which they sit. No matter the size of the restaurant or the location, each detail of the restaurant's management is uniform and controlled by Defendant through its policies, directives and mandated procedures.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

28. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

29. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former salary paid assistant manager employees of Defendant who did not receive overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

30. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, did not receive all overtime premium pay due for all hours worked over forty in each seven-day workweek.

31. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

32. Defendant's failure to pay overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

33. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

34. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

35. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

36. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings the Massachusetts Wage Act claims pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all similarly situated current and former allegedly salary-misclassified employees in the assistant manager role employed by Defendant from the time period of three years prior to the filing of the Original Complaint in this action through the date of final judgment (the "MWA Class").

38. <u>Numerosity</u> (FED. R. CIV. P. 23(a)(1)) – The MWA Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

39. <u>Commonality</u> (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to the putative members of the MWA Class, including, but not limited to, the following:

   a. Whether Defendant violated the Massachusetts Wage Act, M.G.L. ch. 151, § 1A; and

   b. Whether Defendant paid Plaintiff and the MWA Class one and one-half times the regular rate for each hour worked in excess of forty hours in any workweek.

40. <u>Typicality</u> (FED. R. CIV. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative MWA Class. Plaintiff, like other MWA Class members, was subjected to Defendant's policy or practice of failing to pay one-and-one half times the regular rate for each hour worked in excess of forty hours in any workweek in violation of Massachusetts law. Plaintiff's job duties and claims are typical of those of the putative MWA Class.

41. <u>Adequacy</u> (FED. R. CIV. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative MWA Class.

42. <u>Adequacy of Representation</u> (FED. R. CIV. P. 23(g)) – Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all the putative MWA Class members.

43. Class certification of the Massachusetts Law claims is appropriate pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds generally applicable to the putative MWA Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the putative MWA Class as a whole. Plaintiff is entitled to injunctive relief to end Defendant's policy or practice of failing to comply with state law regarding overtime pay in violation of Massachusetts law.

44. Predominance and superiority (FED. R. CIV. P. 23(b)(3)) – Class certification of the Massachusetts State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative MWA Class predominate over any questions affecting only individual members of the putative MWA Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative MWA Class. The damages suffered by individual members of the putative MWA Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

45. <u>Notice</u> (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all members of the putative MWA Class to the extent provided by Rule 23.

46. Plaintiff proposes that the MWA Class be defined as:

**All current and former assistant manager employees who were paid on a salary basis while performing non-exempt duties who did not receive overtime pay at the rate of one and one-half times their respective regular rates of pay while employed by Defendant from the time period of three years prior to the filing of the Original Complaint in this action through the date of final judgment.**

47. Plaintiff reserves the right to modify the class definition based upon discovery to be completed in the action.

## **WILLFUL VIOLATION**

48. Defendant willfully violated the FLSA. Defendant either knew it should have paid the assistant manager employees 1.5 times their respective regular rates of pay for each overtime

hour worked or Defendant recklessly disregarded its obligation to do so. Consequently, Defendant is liable for the entire three-year period, pursuant to the FLSA.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE MEMBERS)

49. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

50. Plaintiff brings his FLSA claims as a collective action on behalf of himself and the other FLSA Collective Action Members.

51. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

52. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

53. Plaintiff and the putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

54. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

55. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

56. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

57. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

58. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

59. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

60. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

61. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

62. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

### COUNT II
**FAILURE TO PAY OVERTIME WAGES UNDER THE MWA**
**(MASSACHUSETTS CLASS MEMBERS)**

63. Plaintiff incorporates the preceding paragraphs by reference.

64. Plaintiff seeks to represent the interests of all similarly situated current and former salary paid assistant managers employees of Defendant who were denied overtime premium pay in violation of the MWA ("MWA Class").

65. Because Massachusetts has such a close connection to the parties and their employment relationship, the MWA applies to Plaintiff's claim and affords him and the MWA Class the remedy provided by § 151. *See Dow v. Casale*, 83 Mass. App. Ct. 751, 758, 989 N.E.2d 909, 914-15 (2013).

66. Throughout the Claims Period, Defendant was subject to the requirements of the MWA.

67. Throughout the Claims Period, Plaintiff and the MWA Class were Defendant's employees within the meaning of the MWA.

68. Throughout the Claims Period, Defendant employed Plaintiff and the MWA class within the meaning of the MWA.

69. According to the MWA, employers shall compensate their employees at one and one-half times their respective regular rates of pay for each hour worked in excess of forty in any workweek. *See* M.G.L. ch. 151, § 1A.

70. Defendant did not pay Plaintiff and the MWA Class one-and-one-half times their respective regular rates of pay for each overtime hour they worked during the Claims Period.

71. As a result of Defendant's unlawful conduct, Plaintiff and the MWA Class seek .5 times their respective regular rates of pay for each hour they worked over forty in each week during the Claims period, along with treble damages.

72. Plaintiff and the MWA Class are entitled to an award of attorneys' fees and costs associated with prosecuting this lawsuit.

## **JURY DEMAND**

73. Plaintiff demands a jury trial on all liability and damages issues raised in this lawsuit.

## **PRAYER FOR RELIEF**

Plaintiff demands a judgment individually and on behalf of all others similarly situated against Defendant for the following:

a. Unpaid regular and overtime wages;

b. Liquidated damages;

c. Treble damages pursuant to § 151 of the MWA;

d. Pre-judgment interest on all amounts awarded at the highest rate allowable by law;

e. Attorneys' fees and costs;

f. Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

g. All other relief the Court finds proper.

Dated: September 16, 2025          Respectfully submitted,

By:   /s/ Philip J. Gordon
      Philip J. Gordon
      Mass. BBO# 630989
      Kristen M. Hurley
      Mass. BBO# 658237
      GORDON LAW GROUP, LLP
      585 Boylston St.
      Boston, MA 02116
      617-536-1800 – Telephone
      617-536-1802 – Facsimile
      pgordon@gordonllp.com
      khurley@gordonllp.com

      AND

/s/ Ricardo J. Prieto
Ricardo J. Prieto
Texas State Bar No. 24062947
(pro hac vice forthcoming)
rprieto@wageandhourfirm.com
Melinda Arbuckle
Texas State Bar No. 24080773
(pro hac vice forthcoming)
marbuckle@wageandhourfirm.com
Wage and Hour Firm
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
(214) 489-7653 – Telephone
(469) 319-0317 – Facsimile

ATTORNEYS FOR PLAINTIFF AND THE CLASS
AND COLLECTIVE ACTION MEMBERS